Tyetta **MEACHEM**, Maria Calderon, Nery Rosado, Alejandro Urena, Anthony Young, Robert Cooper, Oksana Yakubova, and Bella Gurok, on their own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

No. 99 Civ. 4630(PKC).

United States District Court, S.D. New York.

March 25, 2005.

---

Esperanza Colon, Bronx, NY, Helaine M. Barnett, Richard Elliot Blum, Scott R. Rosenberg, The Legal Aid Society, Henry A. Freedman, Marc Cohan, Rebecca Lynn Scharf, Welfare Law Center, Inc., New York City, Ian F. Feldman, Legal Aid Society, Bronx, NY, Patrick J. Horvath, New York City, Marshall Green, Bronx Neighborhood Office, Bronx, NY, Matthew Schneider, New York Legal Assistance Group, New York City, Steven Godeski, Legal Aid Society, Bronx, NY, Susan R. Sternberg, Warren B. Scharf, The Legal Aid Society, Brooklyn, NY, Yisroel Schulman, New York Legal Assistance Group, New York City, for plaintiffs.

George Anthony Alvarez, John P. Gasior, Jose L. Velez Elliot Spitzer, Attorney General of the State of NY, Vincent Leong, State of New York, Office of the Attorney General, New York City, for defendants.

Marshall Green, Bronx Neighborhood Office, Bronx, NY, for movant.

## MEMORANDUM AND ORDER UPON RECONSIDERATION

CASTEL, District Judge.

I have before me the motion of defendants seeking reconsideration of my Memorandum and Order of March 8, 2005. I have carefully considered their arguments and adhere to my prior ruling.

Defendants' well-intentioned memorandum reinforces my conclusion that there are problems with the proposed Settlement as drafted. Defendants concede that the preclusive effect of a judgment as to a future-eligible class member "who came to participate in a fair hearing with a mailing issue at some date in the future *following* the expiration of the Settlement may have been less than artfully expressed." (Def. Mem. at 7) (emphasis in original) The proposed Settlement refers to the class dissolving after "the expiration of the term of this Stipulation," but the proposed Settlement itself has no date of expiration, and, as I read Paragraph III(B) of the Proposed Settlement, class members "forever discharge" their released claims. At a minimum, this is confusing.

Defendants propose a modification that they say remedies the problem. In their view, the proposed revision makes it clear that only future eligible persons who file claims for public assistance before the period of time that the defendants complete their implementation will be barred, and only during the period of implementation which is expected to continue into 2007. I have reviewed the proposed language and conclude that it does not reconcile the "forever discharge" requirement with the purported "expiration of the term of this Stipulation." More importantly, the proposed modification does not address the adequacy of representation (as well as the intermeshed typicality and commonality issues, *see* March 8, 2005 Mem. and Order n.1) and due process concerns.

Defendants argue that the Settlement, in its modified form, presents only a slight burden on future eligible persons because they would not be forever barred from bringing equitable and declaratory claims but only barred until the defendants implement training and monitoring measures. These measures are expected to be complete by early 2007. Defendants concede that their concern is that future eligible persons will come forward during the period of implementation and seek other or different relief. The fact that the defendants' concern is *bona fide* validates the proposition that the future eligible persons would be forced to give up a valuable right. Defendants' concern about exposure to claims by future-eligible persons does not trump Rule 23(a) and the notice

requirements of due process. Defendants would be fully capable of arguing in subsequent litigation that further injunctive and declaratory relief would be unwarranted, given the substantial steps they will be undertaking to remedy their own procedures through enhanced training and monitoring.

Defendants cite *Joel A. v. Giuliani*, 218 F.3d 132 (2d Cir.2000), considered by this Court but not cited in the Memorandum and Order of March 8. The objections before the Court in *Joel A.* were not those asserted on behalf of future eligible persons, but rather, were asserted on behalf of "alleged victims of bias-related violence, harassment and discrimination at the hands of their heterosexual peers in the foster care system and by the City and State officials responsible for overseeing the child welfare system." *Id.* at 137. As the Court's opinion notes, "[t]he Joel A. objectors asserted in the district court and claim here that they could not be adequately represented within the Marisol subclass three, since the class consists of the very peers who have been victimizing them, and that the district court took insufficient steps to ensure that they were adequately represented in settlement discussions." *Id.* at 138. *Joel A.* arose in the context of a settlement approval and the Court expressly declined to revisit issues of class certification. *Id.* at 143. The Court affirmed the district court's finding of fairness of a settlement that precluded individuals from bringing claims during a finite period during which compliance was implemented. *Id.* at 142. In the case before me, it is not the substantive fairness of the settlement that warrants concern, but Rule 23 and due process as applied to persons to whom notice is not possible.

The motion is denied. I will take up remaining matters at a conference scheduled for March 28, 2005 at 10:00 a.m.

SO ORDERED.